UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STERLING INDUSTRIES, INC.,

                            Plaintiff,

               -against-

SHEET METAL WORKERS' NATIONAL
PENSION FUND, NATIONAL ENERGY
MANAGEMENT INSTITUTE COMMITTEE FOR
THE SHEET METAL AND AIR CONDITIONING
INDUSTRY, SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST, INTERNATIONAL
TRAINING INSTITUTE FOR THE SHEET METAL
AND AIR CONDITIONING INDUSTRY, AND
NATIONAL STABILIZATION AGREEMENT OF
THE SHEET METAL INDUSTRY FUND,

                            Defendants.
----------------------------------------------------------------X
FEUERSTEIN, J.

ORDER
14-CV-5956 (SJF)(SIL)

**FILED**
**CLERK**

5/27/2015 4:02 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

       Plaintiff Sterling Industries ("plaintiff" or "Sterling") brought this action against defendants pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 [Docket Entry No. 1 ("Complaint" or "Compl.")] with a motion for a temporary restraining order and preliminary injunction. [Docket Entry Nos. 5-8]. On November 3, 2014, this case was closed pursuant to plaintiff's notice of voluntary dismissal. [Docket Entry No. 34]. Now before the Court is defendants' motion for attorneys' fees [Docket Entry No. 39 (the "Motion for Attorneys' Fees")], which plaintiff opposes [Docket Entry No. 43], and plaintiff's motion for release of the Bond [Docket Entry No. 42 (the "Motion for Return of Bond")], which defendants oppose [Docket Entry No. 45]. For the reasons that follow, defendants' Motion for Attorneys' Fees is DENIED, and plaintiff's Motion for Return of Bond is GRANTED.

I.     BACKGROUND

Plaintiff filed the Complaint on October 10, 2014, followed by, on October 14, 2014, a motion for a temporary restraining order and preliminary injunction to enjoin defendants from directing the Sheet Metal Workers' International Association, Local Union No. 28 (the "Union") from withdrawing Sterling's manpower. [Docket Entry Nos. 5-8]. On October 15, 2014, the Court entered a temporary restraining order (the "TRO") which restrained defendants from directing the Union to withdraw Sterling's manpower pending a hearing on the preliminary injunction motion, directed defendants to show cause why a preliminary injunction should not issue, and ordered plaintiff to post a fifty thousand dollar ($50,000.00) bond to ensure defendants would be compensated for costs and damages incurred if the TRO was improvidently granted (the "Bond"). [Docket Entry No. 13]. Plaintiff deposited the Bond into the Court on October 16, 2014. [Docket Entry No. 16]. On October 16, 2014, defendants moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Docket Entry No. 14], and on October 17, 2014, the Court entered an order directing plaintiff to show cause why the case should not be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. [Docket Entry No. 17]. On October 27, 2014, plaintiff filed an amended complaint setting forth the Labor Management Relations Act, 29 U.S.C. § 185(a), rather than the ERISA statute, as the basis for the Court's jurisdiction. [Docket Entry No. 21 (the "Amended Complaint")]. Defendants moved to dismiss the Amended Complaint for lack of federal question jurisdiction and improper venue. [Docket Entry No. 26].

The TRO expired on October 29, 2014 and the parties appeared before the undersigned for a conference on October 30, 2014 [Docket Entry No. 36]. On October 31, 2014, plaintiff

filed a notice of voluntary dismissal [Docket Entry No. 29], which was ordered by the Court on November 3, 2014 [Docket Entry No. 34].

Defendants subsequently moved for recovery of their attorneys' fees in the amount of twenty-four thousand seven hundred twelve dollars and fifty cents ($24,712.50) against the Bond, arguing that while there is a general rule against recovery of attorneys' fees as damages against an injunction bond under Rule 65(c) of the Federal Rules of Civil Procedure, "that rule does not apply here" because the ERISA statute, the statute pursuant to which the TRO was issued, "explicitly provides for recovery of attorneys' fees by either party" and thus "there is a statutory directive for awarding attorneys' fees." [Docket Entry No. 40 (Memo of Law in Support of Defendants' Motion for Attorneys' Fees ("Def. Mem.")) at 5]. In their reply memorandum in support of the Motion for Attorneys' Fees, defendants also argue that the Court may award attorneys' fees pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and/or the Court's inherent powers. [Docket Entry No. 45 (Memo of Law in Opposition to Plaintiff's Motion for Return of Bond and in Further Support of Defendants' Motion for Attorneys' Fees ("Def. Reply"))].

Plaintiff moved for return of the Bond and opposed defendants' Motion for Attorneys' Fees, arguing that defendants suffered "no damages or costs as a result of the TRO being granted (and being in effect for 14 days)" other than "legal fees that Defendants' [sic] incurred in defending against this action" [Docket Entry No. 43 (Memorandum of Law in Support of Motion to Return Bond and in Opposition to Defendants' Motion for Attorneys' Fees ("Pl. Opp.")), at 5], and that "defendants could not have suffered any damages because in opposing plaintiff's application for injunctive relief, defendants claimed that they were powerless to direct the Union to withdraw Sterling's manpower." *Id*. Plaintiff also argue that defendants cannot rely on the

ERISA statute to recover attorneys' fees not only because the Court has no jurisdiction over this matter pursuant to ERISA (*id.* at 8), but also because plaintiff's original complaint asserting jurisdiction under ERISA was of no legal effect after plaintiff amended its complaint to remove any reference to ERISA. *Id.*

II. DISCUSSION

    A. Standard of Review

"Rule 65(c) of the Federal Rules of Civil Procedure allows for recovery on posted security where the party has 'been wrongfully enjoined or restrained.'" *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 137 (2d Cir. 2014). "Under Fed.R.Civ.P. 65(c), a party subjected to a preliminary injunction in district court who is later found to have been 'wrongfully enjoined' may recover against the security bond damages suffered as a result of the injunction." *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1051 (2d Cir. 1990) (citations omitted). "An enjoined party has been 'wrongfully enjoined' if it is ultimately found that the party at all times had the right to do the enjoined act." *B.G. Soft Ltd. v. BG Soft Int'l, Inc.*, No. 01-civ-17, 2002 WL 1467744, at *2 (E.D.N.Y. Apr. 29, 2002).

"A wrongfully enjoined party may recover against the surety bond only those damages that were proximately caused by the issuance of the injunction…Thus, the damages award is limited to those damages arising from the operation of the injunction itself and not from damages occasioned by the suit independently of the injunction." *Id.* (internal citations and quotations omitted). Consistent with the "American Rule" that a prevailing party is generally not entitled to collect attorneys' fees from the losing party (*see Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007); *Bliven v. Hunt*, 579 F.3d 204, 212 (2d Cir. 2009)), "it has long been established that a prevailing party may not generally collect as damages against an injunction bond attorneys' fees expended in litigating the

4

injunction." *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 560 (2d Cir. 2011) (citing *Tullock v. Mulvane*, 184 U.S. 497, 509-14, 22 S.Ct. 372, 46 L.Ed. 657 (1902); *Salvage Process Corp. v. Acme Tank Cleaning Process Corp.*, 104 F.2d 105, 107 (2d Cir. 1939); *Matek v. Murat*, 862 F.2d 720, 734 (9th Cir. 1988) ("Attorney's fees are not recoverable as damages in an action on an injunction bond."), *abrogated on other grounds by Koch v. Hankins*, 928 F.2d 1471 (9th Cir.1991); *Fireman's Fund Ins. Co. v. S.E.K. Constr. Co.*, 436 F.2d 1345, 1352 (10th Cir. 1971) ("Under [Rule 65(c)] attorneys' fees...are not recoverable.")). However, while "attorneys' fees or legal expenses…incurred in litigating [an] injunction" are not recoverable, "costs and damages incurred as a result of complying with a wrongful injunction" may be recoverable under Rule 65(c). *Nokia Corp.*, 645 F.3d at 560. "The decision whether to award damages, as well as the amount to be awarded, is within the discretion of the court, based upon considerations of equity and justice." *B.G. Soft Ltd.*, 2002 WL 1467744, at *2 (citations omitted).

      B.      Defendants Are Not Entitled to Attorneys' Fees

Defendants concede that they "did not sustain 'business loss' as a result of [the TRO]" but allege entitlement to attorneys' fees because they "lost approximately $25,000.00 in defending two frivolous complaints and ultimately proving to the Court that there was no federal question subject matter jurisdiction." Def. Reply, at 1. Thus, the fees defendants seek are not costs and damages incurred as a result of complying with the TRO, but rather the attorneys' fees spent litigating the injunction and the action in general and as such, are not recoverable as "it has long been established that a prevailing party may not generally collect as damages against an injunction bond attorneys' fees expended in litigating the injunction." *Nokia Corp.*, 645 F.3d at 560 (citations omitted); *see also Chevron Corp. v. Donziger*, No. 11-civ-0691, 2012 WL 1080288, at *2 (S.D.N.Y. Apr. 2, 2012) ("the proceeds from a [preliminary injunction] bond may not be applied to compensate for attorney's fees").

5

Additionally, defendants may not recover attorneys' fees under the ERISA statute because, as all parties agree, the ERISA statute does not provide for jurisdiction in this case "because civil actions under 29 U.S.C. § 1132 may only be brought by a 'participant, beneficiary or fiduciary' and not by Sterling (an 'employer')." Pl. Opp., at 8; *see also* [Docket Entry No. 14-1 (Memo of Law in Support of Defendants' Motion to Dismiss the Complaint), at 2-5 (arguing that the action must be dismissed because plaintiff "does not have standing to sue under 29 U.S.C. 1132" and "ERISA does not provide for the claims asserted in this action")]; *Tuvia Convalescent Center v. National Union Of Hospital And Health Care Employee, A Division Of RWDSU, AFL-CIO*, 717 F.2d 726, 729-30 (2d Cir. 1983) ("Title 29 U.S.C. § 1132...of ERISA provides that civil actions may be brought by participants, beneficiaries, and fiduciaries of ERISA trusts, or the Secretary of Labor, for relief under various sections and subsections of the statute. However, section 1132 does not provide that a civil action may be brought by an employer...").

Defendants' attempt in their reply papers to invoke Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and/or the Court's inherent powers as potential bases for an attorneys' fees award is unavailing. First, defendants have failed to comply with the procedural requirements of Rule 11, which require that a motion for sanctions under Rule 11 "be made separately from any other motion and…describe the specific conduct that allegedly violates Rule 11(b)" (Fed. R. Civ. P. 11) and must give the offending party "notice and a twenty-one-day opportunity to correct or withdraw the document." *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010); *see also Hinterberger v. Catholic Health Sys., Inc.*, No. 08-civ-380S (F), 2013 WL 6007592, at *1 (W.D.N.Y. Nov. 13, 2013) ("The requirements of a separate motion and withdrawal opportunity are mandatory. Here, no separate motion by Plaintiffs for

Rule 11 sanctions was timely filed…accordingly sanctions may not be imposed against Defendants pursuant to Rule 11.") (citations omitted).

Second, it cannot be said that plaintiff has acted in bad faith, vexatiously, wantonly, or for oppressive reasons to warrant an award of sanctions under 28 U.S.C. § 1927 and/or the Court's inherent powers. *See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) (one part of a court's inherent power "commonly known as the bad faith exception to the 'American Rule'" is "the power to assess costs and attorneys' fees against either a client or his attorney where a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'") (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622-23, 44 L.Ed.2d 141 (1975) (internal quotation omitted)); *Int'l Bhd. of Teamsters*, 948 F.2d at 1345-46 ("bad faith is the touchstone of an award under [28 U.S.C. § 1927]" and "§ 1927 requires…subjective bad faith by counsel"); *Hamlett v. Santander Consumer USA, Inc*., No. 11-civ-6106, 2014 WL 5425515, at *2 n.1 (E.D.N.Y. Oct. 22, 2014) (declining to award sanctions under Rule 11, 28 U.S.C. § 1927, or the Court's inherent powers where there was "no particularized showing of bad faith or frivolous conduct by plaintiffs, or any other grounds for sanctions" and finding that while plaintiffs' actions "may have been misguided…that is not enough to justify sanctions under Rule 11, much less under the Court's inherent power or pursuant to 28 U.S.C. § 1927"). While plaintiff may have incorrectly named defendants as the parties responsible for removal of plaintiff's manpower, plaintiff withdrew the case after the procedural and factual inconsistencies were brought to light, and the entire matter was resolved within approximately three (3) weeks, with no damage to defendants other than attorneys' fees

incurred in litigating the action. Defendants are not entitled to attorneys' fees against the Bond under ERISA, Rule 11, 28 U.S.C. § 1927, or the inherent powers of the Court.

III. CONCLUSION

For the foregoing reasons, defendants' Motion for Attorneys' Fees is DENIED, and plaintiff's Motion for Return of Bond is GRANTED. The Clerk of the Court is respectfully directed to return the Bond to plaintiff in full.

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: May 27, 2015
      Central Islip, New York